UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL J. DEARDOFF,

                          Petitioner,                    Case No. 2:20-cv-10493
                                                         Hon. Victoria A. Roberts

v.

MICHELLE FLOYD,

                          Respondent.
_____/

**OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, (2) DENYING MOTION TO EXPAND RECORD [ECF No. 9], (3) DENYING CERTIFICATE OF APPEALABILITY, AND (4) DENYING PERMISSION TO APPEAL IN FORMA PAUPERIS.**

Michael J. Deardoff ("Petitioner") filed this habeas case under 28 U.S.C. § 2254. Petitioner was convicted after he pled no contest in the Bay Circuit Court to one count of operating a vehicle while intoxicated – third offense. MICH. COMP LAWS § 257.625. He was sentenced to 30 to 90 months' imprisonment. Petitioner was released on parole on July 22, 2020.

Petitioner raises four claims in his habeas petition: (1) Petitioner was illegally arrested and he was denied a preliminary examination and a speedy trial, (2) Petitioner's ex post facto rights were violated when he was charged with committing the offense on private property, (3) Petitioner was denied the effective assistance of counsel where his attorneys failed to prepare a defense, and (4) the statute of conviction did not apply to Petitioner's conduct.

**I. Background**

On May 29, 2016, Petitioner was involved in an ATV accident while driving with a friend along a private drive shared by several homes. (See ECF No. 15-8, PageID.448.) The passenger was injured, prompting the police to respond to the scene. Officers suspected that Petitioner was

intoxicated, and testing showed that he had a blood alcohol level of .291%. Petitioner was charged

with four offenses: (1) operating a motor vehicle while intoxicated – causing serious injury, (2)

operating a motor vehicle while intoxicated – third offense, (3) operating a motor vehicle while

license suspended – causing serious injury, and (4) operating a motor vehicle while license

suspended. (ECF No. 15-2, PageID.268-272.)

Petitioner waived his right to a preliminary examination, and he was bound over to the Bay

Circuit Court for trial. (ECF No. 15-3, PageID.281.)

On September 25, 2017, almost sixteen months after the charges were filed, Petitioner

entered his no contest plea. Petitioner was placed under oath at the plea hearing. (ECF No. 15-4,

PageID.292.) Petitioner denied that he was under the influence of alcohol or drugs at the hearing.

(Id., PageID.292.) He acknowledged that he was appearing with retained counsel, and that his

attorney was "doing the things that an attorney should be doing" and was acting in his best

interests. (Id., PageID.293.)

The prosecutor placed the terms of the plea agreement on the record. Petitioner agreed to

plead no contest to operating a motor vehicle while intoxicated – third offense and to pay restitution

to the victim, and the prosecutor agreed to seek a sentence within the guidelines and dismiss the

other charges. (Id., PageID.293-94.) Defense counsel confirmed the terms of the plea bargain. (Id.)

Both attorneys denied knowledge of any other promises or of threats. (Id., PageID.295.)

Petitioner confirmed his understanding of the plea agreement as being complete and

accurate. (Id.) He denied that there were any other promises made to him. (Id.) Petitioner also

denied that anyone used force or threats to induce his plea. (Id., PageID.296.) The trial court

reiterated that if Petitioner did not disclose the existence of any other promises or threats, that he

would be giving up any future claim that it was not his own choice to enter his plea. (Id.) Petitioner

indicated his understanding. (Id.)

The court informed Petitioner that because of the habitual offender enhancement, he faced

a maximum sentence of seven and one-half years in prison, plus fines and cost. (Id.) Petitioner

indicated his understanding. (Id., PageID.267.)

The court informed Petitioner of all the trial rights he would be waiving by entering his

plea. (Id., PageID.298.) Petitioner indicated his understanding and his desire to waive his rights,

and he confirmed that he discussed his rights with his attorney. (Id.) The court informed Petitioner

that by entering his plea "you will have no right to appeal any conviction of sentence to a higher

court," and that an appellate court "could simply deny your request to appeal." (Id.) Petitioner

indicated his understanding. (Id.)

Petitioner then stated that he wished to plead no contest to Count 1. (Id., PageID.299.)

Petitioner acknowledged that it was his own choice to enter the plea, and that he did so freely and

voluntarily. (Id.)

The parties agreed that the police report would be used to establish a factual basis for the

plea:

> [O]n or about May 29, 2016, at Beech, near Chippewa, in Monitor Township, Bay County, Michigan, a place that was open for the operation of motor vehicles, the defendant was operating an all-terrain vehicle. The vehicle had flipped over on its side and landed on the passenger who – whose leg was broken. The police interviewed the defendant, who was driving the vehicle.  When asked if anything was wrong with his eyes, he replied: Yes, I'm blind.  His blood alcohol was taken and found to be 0.291.

(Id., PageID.300.)

The court also found that Petitioner had prior convictions for operating a motor vehicle while intoxicated in Colorado in 1996 and 1999, and in Michigan in 2001 and 2014. (Id., PageID.300-01.)

The court found that Petitioner's no contest plea was voluntary and understanding, and that there were no threats or promises other than the agreement used to get Petitioner to enter his plea. (Id., PageID.301-02.)

Petitioner was sentenced within the guidelines range to 30 to 90 months' imprisonment. (ECF No. 15-5, PagerID.320.)

Following his conviction and sentence, Petitioner retained appellate counsel who filed a delayed application for leave to appeal in the Michigan Court of Appeals. The application raised a single claim:

> I. Whether contrary to U.S. Const. Ams. V, XIV; Const 1963, Art 1, § 17, it was a violation of Appellant Michael Deardoff's constitutional right to a proportionate and individualized sentence, for him to be sentenced to 30 – 90 months' in prison, for driving (while intoxicated) an all-terrain-vehicle on his shared private property that had a posted sign "Private Property – Keep Out", where this occurred just after the Court of Appeals held in *People v. Rea*, 315 Mich. App. 151 (2016) that driving intoxicated on a private driveway was permissible?  (Only after this offense did the Michigan Supreme Court in *People v. Rea*, 500 Mich. 422 (2017) overrule the Court of Appeals.)

The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." (ECF No. 15-8, PageID.380.) Petitioner subsequently filed a pro se application for leave to appeal in the Michigan Supreme Court, raising the same claim as well as one new claim:

> II. Misrepresentation, ineffective counsel; warrant was never signed; notice for intent to seek habitual was on Nov 16, 2016 arrest May 29, 2016 arraignment June 3, 2016 notice past 21 days.

The Michigan Supreme Court denied the application by form order. *People v. Deardoff*, 920 N.W.2d 605 (Mich. 2018) (Table).

Petitioner then returned to the trial court and filed a pro se motion for relief from judgment,

raising numerous claims:

I. Defendant's due process and equal protection clause rights were violated where his no-contest plea was not knowingly, intelligently or voluntarily made, and because his Sixth Amendment right to effective assistance of counsel was violated because he received ineffective assistance of counsel from attorney Adam Kanuszewski where counsel:

(a) Allowed Defendant to accept an "illusory" no contest plea to OWI 3rd and habitual 2nd predicated on affirmative misinformation about the applicable law provided by the prosecutor and defense counsel where all parties involved agreed that the vehicle in question was an ATV/ORV which has a specific charging statute, and where as a matter of law for a first time offender, Defendant could only be charged for a misdemeanor since the ORV was not operated on a "highway," road, or street, but in fact, was operated on posted "private property," and where the prosecutor's offer to dismiss the charges of DWLS and habitual offender as a bargaining tool was illusory and deceptive in nature on the facts and circumstances of this case.

(b) Clearly failed to file an intended motion to quash as counsel notified the court would be done, and which would have legally justified dismissal of the looming threat of felony charges predicated on the prosecutor's improper use of the Michigan Supreme Court's retroactive judicial construction or enlargement of MICH. COMP LAWS § 257.625, and corresponding due process, equal protection, and ex-post-facto clause violations, and the rule of lenity.

(c) Allowed Defendant's acceptance of a no-contest plea where the factual basis for the plea was predicated on a fraudulently prepared police report indicating that the ORV/ATV was being operated and the accident occurred on public property, when, in reality, it occurred on clearly "posted private property," not Beech Street at Chippewa as claimed in the report.

(d) Failed to follow through with a request for *Cobbs* agreement signed by the circuit court judge involving a plea of OWI 3rd [with no mention of habitual] and in exchange for dismissal of remaining charges with an expected guidelines score of 10 to 23 months.

(e) Wholly failed to utilize and argue for "mitigation" purposes at sentencing the court ordered substance abuse assessment and recommendations made by Deanna Hodgson of Sacred Heart, for continued outpatient mental health counseling through "MPA Morgan Meier" and medication management through Bay Arenac Behavioral Health noting Defendant's substance use is in full remission having fourteen months sobriety, and noting Defendant does not meet diagnostic criteria for continued substance abuse treatment, and likewise failed to inform the court of

the sentencing memorandum which included a professional recommendation for continued treatment for coping skills and relapse prevention.

(f) Failed to utilize the Michigan Department of Corrections direct recommendation to Judge Joseph K. Sheeran for Defendant's eligibility into the "Swift and Sure Program" predicated on Defendant's low/medium Compas score when at sentencing, Judge Sheeran read from a copy of a PSI provided to the court falsely stating Defendant had a "heinous Compas score," and made no mention of the mitigating MDOC memorandum setting forth Defendant's eligibility for the Swift and Sure Program & probation, as opposed to a PSI recommendation for 30 to 90 months imprisonment.

(g) Failed to obtain a "death certificate" for Craig Lawson which states cause of death as "natural" and lists heart condition as well as diabetes as factors, yet Mr. Lawson'[s] sister (Darcee Lebrun) was allowed to offer intentionally false testimony during sentencing for the express purpose of establishing that the decedent's death was a direct and proximate cause of the Defendant's actions, and facilitating an assumption of guilt without conviction, and justifying a sentence at the very top of the sentencing guidelines.(h)Failed his client by not requesting dismissal on the grounds of the prosecutor's lack of evidence being an unsupported police report and/or failing to challenge the report (i.e., the prosecution's only evidence) and having it ruled inadmissible due to its false claims[.]

II. Defendant has demonstrated ample "good cause" by showing he received constitutionally ineffective assistance of appellate counsel by failing to "timely" raise a post-judgment motion to withdraw no-contest plea and/or seek resentencing, and Defendant establishes "actual prejudice" under Michigan Court Rule 6.508(D)(3)(a)&(b)(ii)(iii) & (iv) because the numerous defects in the pretrial proceedings, plea, sentencing, and post sentencing proceedings are such that it renders the no-contest plea an involuntary one to a degree that it would be manifestly unjust to allow the conviction to stand, and/or they are so offensive to the maintenance of a sound judicial process that the conviction should not be allowed to stand regardless of its effect on the outcome of the case, and/or because the sentence imposed is invalid as a matter of law.

III. Defendant's due process rights were violated by the retroactive judicial interpretation and expansion of MICH. COMP LAWS § 257.625, announced in *People v. Rea*, 500 Mich. 422 (2017), and he is factually and legally innocent of the offense which he entered a no-contest plea, and he is entitled to withdraw his no-contest plea under due process principles of the state and federal constitution.

The trial court denied the motion for relief from judgment, finding that Petitioner failed to demonstrate "good cause" under Michigan Court Rule 6.508(D)(3) for his failure to raise the claims on direct review, and because "no actual prejudice occurred." (ECF No. 15-7, PageID.379.)

Petitioner then filed an application for leave to appeal in the Michigan Court of Appeals. The court denied the application for leave to appeal by form order. (ECF 15-10, PageID.588.) Petitioner applied for leave to appeal in the Michigan Supreme Court, but that court also denied leave to appeal by form order. *People v. Deardoff*, 935 N.W.2d 885 (Mich. 2019) (Table).

## II. Standard of Review

28 U.S.C. § 2254(d) curtails federal habeas review of state convictions for claims adjudicated on the merits by state courts. A habeas petitioner must generally demonstrate that the state court adjudication was "contrary to" or "involved an unreasonable application of" clearly established Supreme Court law. Id. A decision is "contrary to" clearly established Supreme Court law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id*. at 409.

Under this standard, a federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)).

## III. Analysis

Where, as here, a criminal defendant is convicted pursuant to a guilty plea (or a plea of no contest), review of his conviction is limited to whether the plea was made knowingly, intelligently,

7

and voluntarily. *United States v. Broce*, 488 U.S. 563, 569 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A guilty plea is voluntary if it is not induced by threats, bribes, or misrepresentations, and the defendant is made aware of the likely consequences of the plea. *Brady v. United States*, 397 U.S. 742, 755 (1970)). The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent counsel. *Id*. at 756. When a habeas petitioner challenges his guilty plea, the state generally satisfies its burden by producing a transcript of the state court proceedings showing that the plea was made voluntarily. See *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). "On habeas review, a state court's finding that a plea was valid is a factual finding that is entitled to a presumption of correctness." *Railey v. Webb*, 540 F.3d 393, 418 (6th Cir. 2008).

The plea colloquy here demonstrates that Petitioner knowingly, voluntarily, and intelligently entered his no contest plea. The trial court advised Petitioner of all the trial and appellate rights he was waiving. Petitioner denied the existence of threats or promises not disclosed on the record. The court informed Petitioner of the range of punishments he faced by entering his plea. And Petitioner stipulated that the police report contained facts sufficient to establish his factual guilt. In short, the plea colloquy demonstrates that Petitioner voluntarily pled no contest.

By voluntarily pleading no contest, Petitioner waived claims for relief based on pre-plea constitutional violations. See *Tollett v. Henderson*, 411 U.S. 258, 262-67 (1973) (discussing *Brady v. United States*, 397 U.S. 742 (1970); *McMann v. Richardson*, 397 U.S. 759 (1970); *Parker v. North Carolina*, 397 U.S. 790 (1970)).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not

thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett*, 411 U.S. at 267.

All of Petitioner's claims concern allegations of antecedent error that were waived by his voluntary plea. Petitioner's claim that the statute of conviction was retroactively applied to his conduct on a private roadway was waived when he chose to enter his plea. See *United States v. Riggi*, 649 F.3d 143, 148 (2d Cir. 2011) (citing *United States v. Waters*, 23 F.3d 29, 36 (2d Cir. 1994) (ex post facto challenge to statute of conviction was waived by pleading guilty without preserving the issue). Petitioner's claim regarding his right to a speedy trial, his claim regarding his Fourth Amendment rights, and his claims of error in the state district court were likewise waived. See *Howard v. White*, 76 F. App'x. 52, 53 (6th Cir. 2003) (speedy trial claim waived by guilty plea); *United States v. Martinez-Orozco*, 52 F. App'x 790, 792 (6th Cir. 2002) (Fourth Amendment claim waived by guilty plea); *Giegler v. Trombley*, 2003 WL 22480131, * 9 (E.D. Mich. Oct. 15, 2003) (alleged error at preliminary examination waived by guilty plea).

The only claim challenging the voluntariness of Petitioner's plea is his assertion that his attorney rendered ineffective assistance of counsel when he allowed Petitioner to enter a no contest plea despite a viable defense to the charges. Supreme Court law establishes a two-part test governing claims of ineffective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Second, the petitioner must demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's

errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59.

Petitioner claims that his counsel should have sought dismissal of the charges because the accident occurred on a private drive and therefore did not occur "upon a highway or other place open to the general public or generally accessible to motor vehicles" as required by MICH. COMP LAWS § 257.625(1). From the police reports and photographs submitted by Petitioner, it appears the accident indeed occurred on a private driveway shared by a small number of residences. And a little more than a month before the accident, the Michigan Court of Appeals held in a 2-1 published decision that "[t]he area of a private driveway between one's detached garage and house," is not an area ""generally accessible to motor vehicles" under the statute. See *People v. Rea*, 315 Mich. App. 151, 158 (April 19, 2016).

Even assuming the Court of Appeals' decision in *Rea* applied to a shared private drive, when Petitioner was charged with the instant offense, the prosecutor had applied for leave to appeal the *Rea* decision in the Michigan Supreme Court. Leave to appeal was granted by the Michigan Supreme Court on September 29, 2016. *People v. Rea*, 500 Mich. 871 (2016) (Table). Petitioner was bound over to the Bay Circuit Court for trial on November 1, 2016, after leave to appeal was granted. (ECF No. 15-1, PageID.263.) Petitioner's trial date was adjourned several times between March and June of 2017. (Id, PageID.264.) Then, on July 24, 2017, the Michigan Supreme Court reversed the Court of Appeals, holding that the  private driveway in that case qualified as an area "generally accessible to motor vehicles" because it was designed for vehicular travel irrespective of whether it was intended to be used by the public in general. *People v. Rea*, 500 Mich. 422, 434 (2017). Petitioner entered his no contest plea about two months later.

Petitioner fails to demonstrate that his counsel performed deficiently by failing to move for dismissal of the charges based on the Michigan Court of Appeals' decision in *Rea.* First, by the time Petitioner's case was pending in the state circuit court, the Supreme Court had already granted leave to appeal in *Rea*, thus calling into question the future viability of the Court of Appeals decision.  Had defense counsel filed a motion to dismiss based on the Court of Appeals decision, there is little question that the trial court would have waited until the Michigan Supreme Court issued its decision. And when the case was decided by the Supreme Court, it completely scuttled Petitioner's defense. Petitioner fails to demonstrate that his trial counsel had the ability to obtain dismissal of the charges against him with prejudice prior to the Supreme Court's decision in *Rea*.

Next, to the extent Petitioner suggests that his counsel could have raised an ex post facto challenge to the application of the Supreme Court's decision in *Rea* to the facts of his case, any such argument would likewise have failed. Supreme Court law clearly establishes that the Due Process Clause requires "that a criminal statute give fair warning of the conduct which it prohibits." *Bouie v. City of Columbia*, 378 U.S. 347, 350 (1964). Relevant here, due process prohibits courts from applying a novel construction of a criminal statute to conduct or behavior "that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope." *United States v. Lanier*, 520 U.S. 259, 266-67 (1997). "[T]he touchstone is whether the statute, either standing alone or as construed, made it reasonably clear at the relevant time that the defendant's conduct was criminal." *Id*. at 267. A "determination whether a criminal statute provides fair warning of its prohibitions must be made on the basis of the statute itself and the other pertinent law, rather than on the basis of an ad hoc appraisal of the subjective expectations of particular defendants." *Bouie*, 378 U.S. at 355, n. 5. *Bouie's* due process restriction on judicial interpretation of criminal statutes is limited to those that are "'unexpected and indefensible by reference to the law which had been

expressed prior to the conduct in issue.'" *Rogers v. Tennessee,* 532 U.S. 451, 461 (2001) (quoting *Bouie*, 378 U.S. at 354).

The statute in question prohibits operating a motor vehicle while intoxicated "upon a highway or other place open to the general public or generally accessible to motor vehicles, including an area designated for the parking of vehicles…." MICH. COMP LAWS § 257.625(1). It is neither unexpected nor indefensible that this rather broad language would include a private drive shared by several residences. While the posted "private property" signs might have rendered the drive not open to the general public, it was nevertheless a roadway designed to be generally accessible to motor vehicles. Counsel did not perform deficiently by failing to raise a meritless defense. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001). Petitioner has therefore failed to demonstrate that the alleged ineffectiveness of his attorney rendered his plea involuntary.

As none of Petitioner's claims merit relief, the petition will be denied.

### IV. Certificate of Appealability

In order to appeal the Court's decision, Petitioner must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(2). The applicant is required to show that reasonable jurists could debate whether the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). A federal district court may grant or deny a certificate of appealability when the court issues a ruling on the habeas petition. *Castro v. United States*, 310 F.3d 900, 901 (6th Cir. 2002). Here, jurists of reason would not debate the Court's conclusion that Petitioner has failed to demonstrate entitlement to habeas relief with respect to any of his habeas claims. Reasonable jurists would not debate the Court's resolution of Petitioner's claims.

Finally, Petitioner is denied permission to appeal in forma pauperis because any appeal would be frivolous. 28 U.S.C. § 1915(a)(3).

### V. Conclusion

Accordingly, the Court 1) **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus, 2) **DENIES** Petitioner's motion to expand the record as moot, 3)**DENIES** a certificate of appealability, and 3) **DENIES** permission to appeal in forma pauperis.

**SO ORDERED.**

s/ Victoria A. Roberts
Hon. Victoria A. Roberts
United States District Judge

Dated:  1/4/2021

13